NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KENDEL SKINNER,

          Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

          Defendant-Appellee.

No.   21-35819

D.C. No. 3:20-cv-05800-MAT

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted July 8, 2022[**]
Seattle, Washington

Before: HAWKINS and BUMATAY, Circuit Judges, and MOSKOWITZ,[***]
District Judge.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

Kendel Skinner appeals the district court's order affirming an Administrative Law Judge's (ALJ) denial of his application for Child Insurance Benefits and Supplemental Security Income Benefits. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's order de novo and the ALJ's denial of benefits for substantial evidence. *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020). We affirm.

1.      Substantial evidence supports the ALJ's decision to discount Skinner's account of debilitating anxiety. After noting that Skinner's impairments could cause the alleged symptoms and there was no evidence of malingering, the ALJ cited several "specific, clear, and convincing reasons" for the conclusion that Skinner's anxiety was not as limiting as he alleged. *See Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). Contrary to Skinner's claims that he struggled to be around people and had lost interest in activities, the ALJ noted that he was able to grocery shop, work on cars, visit Disneyworld with family, and socialize with friends—including playing pool and cards, going to the beach, visiting Seattle, and attending a car show. *See Molina v. Astrue*, 674 F.3d 1104, 1112–13 (9th Cir. 2012) (ALJ may consider inconsistencies between alleged symptoms and claimant's daily activities), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). The ALJ further noted that consistent treatment with medication and therapy had improved Skinner's

mental health symptoms. Finally, the ALJ cited inconsistencies in Skinner's account of his alcohol consumption and his explanation for gaps in treatment. *See id.* at 1112 (noting the ALJ may use "ordinary techniques of credibility evaluation" (internal quotation marks omitted)).

The ALJ's reasons for discounting Skinner's account were clear and specific, not mere summaries as Skinner argues. Where substantial evidence supports the ALJ's finding, "we may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

2.     Substantial evidence supports the ALJ's treatment of the medical evidence. As an initial matter, Skinner waived his challenge to the ALJ's treatment of Dr. Katrina Higgins's opinions by failing to raise it before the district court. *See Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014). The ALJ provided "specific and legitimate reasons" supported by substantial evidence for giving only partial weight to the opinion of Dr. Dan Neims. *See Ford*, 950 F.3d at 1154. Dr. Neims assessed Skinner as having marked or severe limitations that would impact his ability to communicate, maintain appropriate behavior, and complete a normal work day or work week. The ALJ concluded that these aspects of Dr. Neims's opinion were inconsistent with the overall record, including (i) medical notes indicating that Skinner presented with strong memory, attention, concentration, insight, and judgment, (ii) evidence that Skinner's symptoms improved with treatment, and (iii)

3

evidence that Skinner was able to work on cars, socialize with friends, and visit Disneyworld. By contrast, the ALJ gave great weight to the opinion of non-examining clinical psychologist Dr. Nancy Winfrey because her conclusion that Skinner's limitations were more moderate was consistent with the record. Substantial evidence supports the ALJ's conclusion that Skinner's limitations were not as severe as Dr. Neims opined and instead were more moderate, as reflected in Dr. Winfrey's opinion.

**AFFIRMED.**